[Cite as *State v. Wall*, 2019-Ohio-478.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18-CA-28 |
| | : | |
| JAMES A. WALL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Cambridge Municipal
                                       Court, Case No. 18TRD00510


JUDGMENT:                              AFFIRMED


DATE OF JUDGMENT ENTRY:                February 11, 2019


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

WILLIAM H. FERGUSON                     KERRY M. DONAHUE
150 Highland Ave., Ste. 2              6295 Emerald Parkway
Cambridge, OH 43725                    Dublin, OH 43016

*Delaney, J.*

{¶1}   Appellant James A. Wall appeals from an August 23, 2018 Docket and Journal Entry of the Cambridge Municipal Court.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   This case arose on January 24, 2018 when appellant was cited by Uniform Traffic Ticket (UTT) with one count of speeding pursuant to R.C. 4511.21(D)(4).  The UTT states appellant traveled 88 M.P.H. in a 70-M.P.H. zone in Wills Township, Guernsey County.  The UTT further states in pertinent part:

> TO DEFENDANT: SUMMONS
>
> You are summoned and ordered to appear on 2/07/2018 at 830 AM in Cambridge Municipal Court at 150 Highland Avenue, Cambridge, OH 43725.
>
> If you fail to appear at this time and place you may be arrested or your license may be cancelled.  This summons served personally to the defendant on Jan[.] 24, 2018.  This issuing/charging law enforcement officer states under the penalties of perjury and falsification that he/she has read the above complaint and that it is true.
>
> PERSONAL APPEARANCE REQUIRED: [ ] No
>
> /s/Sgt. C. Wood.

{¶3}   On August 22, 2018, defense trial counsel entered a notice of appearance. Defense trial counsel also filed an "Entry of Not Guilty Plea" stating the following:

Now comes the below signed counsel for the Defendant and on behalf of Defendant hereby enters a plea of not guilty to the charge against him and request the Court set this matter for a trial date. The Defendant waives his right to speedy trial.

Shortly after being issued the ticket in this matter the Defendant's father passed away. Defendant made arrangements, and so forth, to bury his father and forgot about the ticket he was given. He was also of course quite grief stricken. The death certificate is attached hereto as "Exhibit A."

{¶4} Attached is a copy of a death certificate issued January 5, 2018. The name of the decedent is cut off and does not appear on the exhibit. The unnamed decedent was pronounced dead on December 23, 2017.

{¶5} Also in the record before us is a letter from defense trial counsel dated August 20, 2018 stating in pertinent part:

* * * *.

Dear Clerk:

Enclosed pleas find documents sent to you in June. I expected the case to be set for pre-trial hearing or trial and that I would receive a notice. The docket does not even show my filing so I am sending this again.

Please either accept for filing or provide me a proper response.

* * * *.

{¶6}   On August 23, 2018, the trial court entered a Docket and Journal Entry stating appellant filed a written plea of not guilty and requested a trial, but his summons date was February 7, 2018.   Therefore, the trial court concluded, appellant failed to comply with Ohio Trf.R. 8(C), the court would not accept the written not guilty plea because it was untimely filed, and "[p]ursuant to Ohio Revised Code 4510.71, the Court orders process under the Non-Resident Violator Compact Agreement."

{¶7}   Appellant now appeals from the trial court's entry of August 23, 2018.

{¶8}   Appellant raises four assignments of error:

## ASSIGNMENTS OF ERROR

{¶9}   "I.  THE DEFENDANT-APPELLANT WAS DENIED PROCEDURAL DUE PROCESS OF LAW."

{¶10} "II.  RULE 8 IS UNCONSTITUTIONAL AS APPLIED."

{¶11} "III.  THE COURT WAS NOT COMPLIANT WITH OHIO TRAFFIC RULE 8(C)."

{¶12} "IV.  DEFENDANT-APPELLANT WAS DENIED EQUAL PROTECTION OF THE LAW."

## ANALYSIS

### I.-IV.

{¶13} Appellant's four assignments of error are related and will be considered together.  He argues the trial court violated his right to due process and violated Ohio Traffic Rule 8(C).  We disagree.

*Discrepancies in the record*

{¶14} We begin by noting appellant's statement of facts is not supported by the record. First, appellant argues he was presented with a "sloppily-written ticket" that did not provide clear instructions. A written ticket is not entered in the record before us; the UTT in the record contains clear instructions upon appellant's summons date of February 7, 2018, as noted supra. Second, appellant states the citation slipped his mind "when his father suddenly passed away and he became overwhelmed..." The date of death on the certificate appellant provided (for an unnamed decedent) is December 23, 2017; he was cited for speeding on January 24, 2018.

{¶15} Third, appellant states that once he remembered the ticket, he retained counsel, and directed counsel to enter a written plea of not guilty, to waive his speedy-trial rights, and to request a hearing. Appellant asserts a notice of appearance, a not-guilty plea with the death certificate attached, and time waiver were "submitted" on June 12, 2018. No evidence exists in the record that any such document was filed on June 12, 2018. As described supra, the only indication of the June 12 "submissions" is counsel's reference thereto in the cover letter with the documents filed August 20, 2018.

{¶16} With those factual discrepancies in mind, we turn to appellant's legal arguments.

*Appellant challenges application of Nonresident Violator Compact*

{¶17} Appellant cites *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903 (11th Dist.), for the proposition that the trial court violated, e.g., Crim.R. 5(A), which provides the procedure upon initial appearance. In the instant case appellant

did not appear and instead attempted to enter an untimely written not-guilty plea. Appellant's argument therefore is not well-taken and *Donkers* is inapplicable.

{¶18} Appellant next summarily argues the trial court failed to comply with Traf.R. 8(C), which provides the procedure to enter written pleas of not guilty and states: "The defendant must be present at the arraignment, but the court may allow the defendant to enter a not guilty plea at the clerk's office in person, by his attorney in person, or by his attorney by mail, within four days after receipt of the ticket by the defendant." From the record before us, it is evident that it was appellant, not the trial court, who failed to follow the procedure of Traf.R. 8(C) in filing an untimely written not-guilty plea.

{¶19} Appellant further argues, though, that the terms of Traf.R. 8(C) are unfair in application to out-of-state residents because four days is not long enough to retain counsel, prepare the required documents, and to "notify the Court." In the instant case, though, there is no evidence appellant did any of those things. Instead, assuming counsel's representations are true, no attempt was made to file the notice of appearance, written not-guilty plea, and speedy-trial waiver until June at the earliest. Inexplicably it was not until August 20, 2018 that counsel purportedly inquired into the matter by "re"-filing the documents.

{¶20} We are also unable to accept appellant's argument that he personally did not receive due process based upon circumstances surrounding the death of his father. In support of his argument, appellant asks us to accept the evidence of a death certificate of an unnamed individual who passed away a month before appellant was cited for speeding.

{¶21} Finally, appellant argues his right to due process was violated because he did not receive any opportunity for a hearing. Appellant is essentially challenging the constitutionality of the Nonresident Violator Compact, R.C. 4510.71, in arguing that he should have been afforded a hearing before his license was suspended. We note, again, the record before us does not support appellant's assertion that his (New Jersey) license has been suspended. The actions of the trial court, as described supra, were limited to compliance with the Nonresident Violator Compact.

{¶22} R.C. 4510.71(C)(2) provides that part of the purpose of the Compact is to "[p]rovide for the fair and impartial treatment of traffic violators operating within party jurisdictions in recognition of the motorist's right of due process and the sovereign status of a party jurisdiction." In the instant case, appellant failed to appear or otherwise answer for the citation within the time ordered. The trial court therefore proceeded to order process pursuant to R.C. 4510.71(C):

> Upon failure of a motorist to comply with the terms of a traffic citation, the appropriate official shall report the failure to comply to the licensing authority of the jurisdiction in which the traffic citation was issued. The report shall be made in accordance with procedures specified by the issuing jurisdiction and shall contain information as specified in the compact manual as minimum requirements for effective processing by the home jurisdiction.

{¶23} The next step, of which we have no evidence in the appellate record, would be pursuant to R.C. 4510.71(D):

Upon receipt of the report, the licensing authority of the issuing jurisdiction shall transmit to the licensing authority in the home jurisdiction of the motorist the information in a form and content as contained in the compact manual.

{¶24} Finally, the following procedures are to be followed by the home authority:

(A) Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, **the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded.**

(B) The licensing authority of the home jurisdiction shall maintain a record of actions taken and make reports to issuing jurisdictions as provided in the compact manual.

R.C. 4510.71, Article IV. (Emphasis added).

{¶25} Appellant argues "[t]he Court cannot just declare a Defendant guilty and impose penalties without a proper hearing." Again, the record does not contain a finding of guilt. As noted supra, assuming appellant's New Jersey operator's license has in fact been suspended pursuant to the terms of the Nonresident Violator Compact, the Compact provides for challenges to be raised before the home jurisdiction licensing authority.

{¶26} Upon the record before us, we find the trial court did not violate appellant's right to due process.

## CONCLUSION

{¶27} Appellant's four assignments of error are overruled and the judgment of the Cambridge Municipal Court is affirmed.

By: Delaney, J.,

Wise, John, J. and

Wise, Earle, J., concur.